1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HONORABLE LAUREN KING

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

Shenzhen YiHong Technology Co Ltd.,

*Plaintiff*,

v.

Dbest products Inc.

*Defendant*.

**Case No. 2:25-cv-02359-LK**

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT' COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Shenzhen YiHong Technology Co Ltd., d/b/a Vtopmart Direct ("Plaintiff"), through its counsel, hereby responds to the counterclaims filed by Defendant/Counterclaim Plaintiff Dbest Products, Inc. ("dbest").

## ANSWER

Plaintiff responds to the allegations contained in the numbered paragraphs of Defendant's Counterclaims below. Plaintiff denies all allegations and characterizations in Defendant's Counterclaims unless expressly admitted in the following paragraphs.

### Nature of the Counterclaims

**Paragraph 1 of the Counterclaims:**

-1-

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"dbest asserts counterclaims against Counterclaim Defendant for infringement of U.S. Patent No. 12,275,446 and U.S. Patent No. 12,304,546 under the patent laws of the United States, 35 U.S.C. § 271."

**RESPONSE**: Plaintiff denies the allegations in Paragraph 1.

## The Parties

**Paragraph 2 of the Counterclaims:**

"dbest is a California corporation with its principal place of business at 16506 South Avalon Boulevard, Carson, California."

**Response:** Upon information and belief, Plaintiff admits that dbest is a California corporation. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies the same.

**Paragraph 3 of the Counterclaims:**

"On information and belief, Counterclaim Defendant is a Chinese company with a principal place of business at B616-1, Factory Building 2, Anle Industrial Park, Area 40, Anle Community, Xin'an Street, Bao'an District, Shenzhen, Guangdong, China."

**Response:** Plaintiff admits that it is a company organized under the laws of the People's Republic of China. Plaintiff denies the remaining allegations of Paragraph 3 to the extent they are inconsistent with Plaintiff's corporate records.

## Jurisdiction and Venue

**Paragraph 4 of the Counterclaims:**

-2-

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

> "Subject to the affirmative defenses and denials set forth above, this Court
> has subject matter jurisdiction over the patent claims in this action pursuant
> to 28 U.S.C. §§ 1331 and 1338(a)."

**Response:** Plaintiff admits that this Court has subject-matter jurisdiction over the patent-related claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Paragraph 5 of the Counterclaims:**

> "This Court has personal jurisdiction over Counterclaim Defendant
> because they filed this action for declaratory judgment against dbest in this
> District and have thus submitted to this Court's personal jurisdiction. On
> information and belief, Counterclaim Defendant has also committed acts
> of infringement in this District and/or purposely transacted business
> involving the accused products in this District, including sales to one or
> more customers in Washington and in this District."

**Response:** Plaintiff admits that it filed this action for declaratory judgment in this District. Plaintiff denies the remaining allegations of Paragraph 5.

**Paragraph 6 of the Counterclaims:**

> "Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, on
> information and belief, acts of patent infringement have been committed in
> this District and because Counterclaim-Defendant is subject to personal
> jurisdiction in this District."

**Response:** Plaintiff admits that venue is proper in this District for purposes of Plaintiff's claims. Plaintiff denies the remaining allegations of Paragraph 6.

**Paragraph 7 of the Counterclaims:**

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1
2
3
4
5
6
7

"dbest is a leading innovator and seller of portable carts in the United States

dbest has developed, marketed, and sold exclusively a highly successful

product line of premium portable carts frequently featured on QVC, Inc.'s

television infomercials and website. dbest also sells its carts on retail

website platforms such as Amazon, through national retailers such as

Lowe's and Home Depot, and on its own website."

8
9
10

**Response:** Plaintiff lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 7 and therefore denies them.

11

**Paragraph 8 of the Counterclaims:**

12
13
14
15
16

"dbest owns all rights, title, and interest in and to U.S. Patent No.

12,275,446, entitled "HIGH LOAD CAPACITY COLLAPSIBLE CARTS"

and issued on April 25, 2025 ("the '446 Patent"). A copy of the '446 Patent

is attached as Exhibit A."

17
18
19
20
21
22

**Response:** Plaintiff admits that U.S. Patent No. 12,275,446 purports to be entitled "HIGH

LOAD CAPACITY COLLAPSIBLE CARTS" and to have issued on April 25, 2025. Plaintiff

lacks knowledge or information sufficient to form a belief as to the remaining allegations in

Paragraph 8, including any allegation that dbest owns all right, title, and interest in the patent, and

therefore denies the same.

23

**Paragraph 9 of the Counterclaims:**

24
25
26
27
28

"dbest owns all rights, title, and interest in and to U.S. Patent No.

12,304,546, entitled "COLLAPSIBLE CARTS" and issued on May 20,

2025 ("the '546 Patent"). A copy of the '546 Patent is attached as Exhibit

B."

-4-

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

**Response:** Plaintiff admits that U.S. Patent No. 12,304,546 purports to be entitled "COLLAPSIBLE CARTS" and to have issued on May 20, 2025. Plaintiff lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 9, including any allegation that dbest owns all right, title, and interest in the patent, and therefore denies the same.

**Paragraph 10 of the Counterclaims:**

> "It is dbest's policy and practice to mark its carts protected by one or more of its patents with the patent number(s) to provide notice to the public that the product is protected by a U.S. patent. Since each of the '446 and '546 Patents issued, dbest has complied with its marking policy to give notice to the public that specific dbest products are protected by the respective patents."

**Response:** Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

**Paragraph 11 of the Counterclaims:**

> "On information and belief, Counterclaim-Defendant sells products on Amazon.com ("Amazon") to consumers living in the United States and in this District."

**Response:** Plaintiff admits that it offers certain products for sale on Amazon.com. Plaintiff denies the remaining allegations in Paragraph 11, including any allegation or implication that such sales involve the Accused Products or otherwise constitute infringement in this District or elsewhere.

**Paragraph 12 of the Counterclaims:**

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1
2
3
4
5
6
7
8
9

"dbest regularly monitors retail platforms, including Amazon, to identify offers for sale and sales of products that infringe its patent rights and other intellectual property rights. Dbest has identified numerous products that, on information and belief, are being offered for sale, sold, or otherwise distributed in the United States by Counterclaim Defendant and infringe at least one claim of the '446 and '546 Patents (the "Accused Products" or "Accused Instrumentalities")."

**Response:** Plaintiff denies the allegations in Paragraph 12.

**Paragraph 13 of the Counterclaims:**

"A schedule of the Amazon Standard Identification Number ("ASIN") for each Accused Product of which dbest is currently aware for Counterclaim Defendant is attached as Exhibit C. On information and belief, Counterclaim Defendant has offered for sale, sold, and/or otherwise distributed in the United States the items identified therein. dbest may disclose additional infringing products at the appropriate times as consistent with this District's Local Civil Rules and Local Patent Rules, this Court's Standing Orders, or as otherwise permitted by the Court."

**Response:** Plaintiff lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 and therefore denies them.

### COUNT I
### (Infringement of the '446 Patent – 35 U.S.C. § 271)

**Paragraph 14 of the Counterclaims:**

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1

2

"The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph."

**Response:** Plaintiff incorporates its responses to the foregoing paragraphs as if fully set forth herein.

**Paragraph 15 of the Counterclaims:**

"Counterclaim Defendant has infringed and/or continues to infringe at least one claim of the '446 Patent by offering for sale, selling, and/or otherwise distributing the Accused Instrumentalities subsequent to the issuance of the '446 Patent, in violation of 35 U.S.C. § 271."

**Response:** Plaintiff denies the allegations in Paragraph 15.

**Paragraph 16 of the Counterclaims:**

"A representative claim chart showing how the Accused Instrumentalities satisfy each and every element and limitation of at least one claim of the '446 Patent is attached as Exhibit D."

**Response:** Plaintiff admits only that Paragraph 16 purports to attach a document labeled "Exhibit D." Plaintiff denies any remaining allegations in Paragraph 16, including any allegation that any "Accused Instrumentalities" satisfy each and every element of any claim of the '446 Patent.

**Paragraph 17 of the Counterclaims:**

"Counterclaim Defendant's infringement has injured and/or continues to injure dbest, and dbest is entitled to recover damages adequate to compensate it for that infringement."

**Response:** Plaintiff denies the allegations in Paragraph 17.

**Paragraph 18 of the Counterclaims:**

-7-

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

"dbest has suffered and/or will continue to suffer irreparable injury unless Counterclaim Defendant is permanently enjoined by the Court from infringement of the '446 Patent."

**Response:** Plaintiff denies the allegations in Paragraph 18.

**Paragraph 19 of the Counterclaims:**

"On information and belief, Counterclaim Defendant has infringed and continues to infringe the '446 Patent intentionally and willfully."

**Response:** Plaintiff denies the allegations in Paragraph 19.

**Paragraph 20 of the Counterclaims:**

"dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs."

**Response:** Plaintiff denies the allegations in Paragraph 20.

**COUNT II**
**(Infringement of the '546 Patent – 35 U.S.C. § 271)**

**Paragraph 21 of the Counterclaims:**

"The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph."

**Response:** Plaintiff incorporates its responses to the foregoing paragraphs as if fully set forth herein.

**Paragraph 22 of the Counterclaims:**

"Counterclaim Defendant has infringed and/or continues to infringe at least one claim of the '546 Patent by offering for sale, selling, and/or otherwise

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

distributing the Accused Instrumentalities subsequent to the issuance of

the '546 Patent, in violation of 35 U.S.C. § 271."

**Response:** Plaintiff denies the allegations in Paragraph 22.

**Paragraph 23 of the Counterclaims:**

"A representative claim chart showing how the Accused Instrumentalities

satisfy each and every element and limitation of at least one claim of

the '546 Patent is attached as Exhibit E."

**Response:** Plaintiff admits only that Paragraph 23 purports to attach a document labeled

"Exhibit E." Plaintiff denies any remaining allegations in Paragraph 23, including any allegation

that any "Accused Instrumentalities" satisfy each and every element of any claim of the '546 Patent.

**Paragraph 24 of the Counterclaims:**

"Counterclaim Defendant's infringement has injured and/or continues to

injure dbest, and dbest is entitled to recover damages adequate to

compensate it for that infringement."

**Response:** Plaintiff denies the allegations in Paragraph 24.

**Paragraph 25 of the Counterclaims:**

"dbest has suffered and/or will continue to suffer irreparable injury unless

Counterclaim Defendant is permanently enjoined by the Court from

infringement of the '546 Patent."

**Response:** Plaintiff denies the allegations in Paragraph 25.

**Paragraph 26 of the Counterclaims:**

"On information and belief, Counterclaim Defendant has infringed and

continues to infringe the '546 Patent intentionally and willfully."

-9-

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

**Response:** Plaintiff denies the allegations in Paragraph 26.

**Paragraph 27 of the Counterclaims:**

"dbest is entitled to injunctive and compensatory relief, including attorneys'

fees and costs."

**Response:** Plaintiff denies the allegations in Paragraph 27.

<u>**AFFIRMATIVE DEFENSES**</u>

Plaintiff asserts the following affirmative defenses. Plaintiff does not assume any burden of proof except where such burden is required by applicable law.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

Counterclaim Plaintiff's counterclaims are barred because Plaintiff has not infringed, and does not infringe, any valid and enforceable claim of U.S. Patent Nos. 12,275,446 ("the '446 Patent") and 12,304,546("the '546 Patent"), either literally or under the doctrine of equivalents, and Plaintiff has not engaged in any indirect infringement.

**SECOND AFFIRMATIVE DEFENSE**
**(Patent Invalidity and Unenforceability)**

Counterclaim Plaintiff's counterclaims are barred, in whole or in part, because one or more asserted claims of U.S. Patent Nos. 12,275,446 and 12,304,546 are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112. To the extent applicable, one or more claims of the Asserted Patents are unenforceable under applicable law. Plaintiff reserves the right to assert additional grounds of invalidity and unenforceability as discovery and investigation proceed.

**THIRD AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

-10-

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

Counterclaim Plaintiff cannot establish willful infringement of the '446 Patent and '546 Patent, and Plaintiff is not liable for enhanced damages under 35 U.S.C. § 284.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark; No Damages)

Any recovery of damages, if any, is barred or limited by 35 U.S.C. § 287 and applicable notice requirements. Plaintiff is not liable for any damages for alleged infringement occurring prior to Counterclaim Plaintiff providing legally sufficient notice of the alleged infringement. Any damages are further limited by 35 U.S.C. § 286.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

To the extent applicable, Counterclaim Plaintiff's requested relief is barred, in whole or in part, by equitable doctrines including equitable estoppel, waiver, acquiescence, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (No Exceptional)

This case is not "exceptional" under 35 U.S.C. § 285, and Counterclaim Plaintiff is not entitled to attorneys' fees.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Certain Damages; Apportionment)

Counterclaim Plaintiff is not entitled to recover lost profits, and any reasonable royalty or other monetary recovery must be proven and properly apportioned, consistent with applicable law.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

Counterclaim Plaintiff is not entitled to injunctive relief because it cannot satisfy the requirements for equitable relief under 35 U.S.C. § 283, including the *eBay* factors.

### NINTH AFFIRMATIVE DEFENSE

-11-

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    Plaintiff reserves the right to assert additional defenses and to seek leave to amend these defenses as investigation and discovery proceed.

## PRAYER FOR RELIEF

    WHEREFORE, Counterclaim Defendant respectfully requests that the Court:

    a.  Dismiss Counterclaim Plaintiff's Counterclaims with prejudice;

    b.  Enter judgment in favor of Counterclaim Defendant and against Counterclaim Plaintiff on all Counterclaims;

    c.  Award Counterclaim Defendant its costs pursuant to Fed. R. Civ. P. 54(d) and any applicable statutes;

    d.  Award Counterclaim Defendant its reasonable attorneys' fees to the extent permitted by law, including 35 U.S.C. § 285, if applicable; and

    e.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: February 10, 2026

By: /s/ Ruoting Men

Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiff / Counter-Defendant***

-12-

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on this February 10, 2026, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

Date: February 10, 2026                    /s/ Ruoting Men
                                           Ruoting Men, Esq.

-13-

PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049