UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHENZHEN YIHONG TECHNOLOGY CO LTD.,

Plaintiff,

v.

DBEST PRODUCTS, INC.,

Defendant.

CASE NO. 2:25-cv-02359-LK

ORDER DENYING MOTION TO CERTIFY ORDER DENYING DEFENDANT'S MOTION FOR DISQUALIFICATION FOR INTERLOCUTORY APPEAL AND TO STAY

This matter comes before the Court on Defendant dbest Products Inc.'s Motion to Certify Order Denying Defendant's Motion to Disqualify for Interlocutory Appeal and for Stay Pending Federal Circuit Review. Dkt. No. 29. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

On November 24, 2025, Plaintiff Shenzhen YiHong Technology Co.—represented by Ruoting Men of Glacier Law LLP ("Glacier")—sued dbest products, Inc., represented by Ehab Samuel of Orbit IP LLP and William Fisher of Potomac Law Group, *see* Dkt. Nos. 5–7, under the Declaratory Judgment Act, seeking a declaration that Shenzhen Yihong's collapsible cart does not

directly or indirectly infringe two of dbest's patents "and/or that [dbest's patents] are invalid." Dkt. No. 1 at 1. On January 14, 2026, dbest filed an answer, along with counterclaims against Shenzhen YiHong. Dkt. No. 5. Benjamin Weed and Wei Wang of Glacier were subsequently admitted pro hac vice to represent Shenzhen YiHong—on March 3 and April 1, 2026 respectively. Dkt. Nos. 15–16, 19–20. Dandan Pan of Glacier receives electronic case filing notifications in this case. Dkt. No. 22-7 at 2. On May 29, 2026, dbest filed a motion to disqualify Glacier based on Glacier's prior representation of other clients in a series of disputes with dbest. Dkt. No. 21. On August 6, 2026, the Court denied dbest's motion, finding that dbest did not have standing as a non-client to seek disqualification of Glacier, and even if it had standing, the Court "would still deny the motion under Washington's standard for disqualification . . . because dbest has failed to demonstrate that disqualification is the appropriate remedy to any issues presented by Glacier's representation of Shenzhen YiHong in this case." Dkt. No. 25.at 10–11. dbest filed the present motion to certify on September 8, 2026. Dkt. No. 29.

## II. DISCUSSION

dbest seeks certification under 28 U.S.C. § 1292(b) of the following "narrow legal issue" raised by the Court's order denying its motion for disqualification:

> Whether, under Washington law, the absence of an attorney-client or other privilege-like relationship precludes a movant from seeking disqualification where opposing counsel possesses material nonprivileged confidential information acquired in prior related litigation, including (1) information subject to a surviving court order expressly limiting its use to the prior action and (2) confidential settlement information, including the terms of an expressly confidential settlement agreement resolving litigation involving the same patents; and, if not, whether disqualification may be ordered prophylactically without proof of actual misuse when lesser measures cannot adequately protect the integrity of the proceeding (the "Issue for Certification").

Dkt. No. 29 at 5.

Under § 1292(b), "litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1025–26 (9th Cir. 1981).[1] A district court should grant an interlocutory appeal "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d at 1026. Specifically, a district court may certify an order for interlocutory appeal where the order (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These three statutory requirements are conjunctive, meaning absence of any one precludes interlocutory appeal. The party pursuing the interlocutory appeal bears the burden of establishing that Section 1292(b)'s requirements have been met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Even if this matter involved a controlling question of law (it does not) and its resolution would materially advance the termination of the litigation (it would not), dbest fails to show that the issue of law is one "as to which there is substantial ground for difference of opinion." To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent controlling law is unclear. *Couch v. Telescope*, 611 F.3d 629, 633 (9th Cir. 2010). dbest claims that there is substantial ground for difference of opinion here because "relevant authority has provided materially different signals concerning whether privilege or a privilege-like relationship is indispensable to nonclient standing and disqualification." Dkt. No. 29 at 12. But instead of demonstrating that controlling law is unclear, dbest cites to a number of cases involving

[1] Because the certification standard under 28 U.S.C. § 1292(b) does not involve considerations unique to patent law, the Court applies Ninth Circuit law. *See Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004) (an appeal of a patent case proceeds to the Federal Circuit where the matter involves considerations unique to patent law).

Washington law that "speak more broadly in terms of access to 'confidential information which is material to the present suit.'" *Id.* at 14 (quoting *Kurbitz v. Kurbitz*, 468 P.2d 673, 676 (Wash. 1970)). dbest points to *FMC Techs., Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1156 (W.D. Wash. 2006) for its argument that federal courts applying Washington law have recognized that nonclients may seek disqualification of counsel. Dkt. No. 29 at 13. But dbest ignores that the Court already examined *FMC* and *Kurbitz* in its order denying dbest's motion for disqualification, and found that they were inapplicable to the circumstances of this case. *See* Dkt. No. 25 at 5–8. The fact that dbest disagrees with the Court's finding does not make the applicable law unclear or create a substantial ground for difference of opinion. *Cf. Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (a substantial ground for difference of opinion can be established if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented").

## III. CONCLUSION

For the foregoing reasons, the Court DENIES dbest's motion to certify the Court's order denying its motion to disqualify for interlocutory appeal, Dkt. No. 29.

Dated this 16th day of November, 2026.

Lauren King
United States District Judge